CV 12 5700

DEARIE, J. ORIGINAL

SLR:LDM:BDM
F.# 2012V01335

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

ONE MILLION, FOUR HUNDRED NINETY-
EIGHT THOUSAND, SEVEN HUNDRED AND
FIFTY DOLLARS ($1,498,750.00), MORE
OR LESS, IN UNITED STATES CURRENCY,
FORMERLY FOUND IN CAPITAL ONE BANK
SAFETY DEPOSIT BOX NOS. 0770001766 AND
0771000157, PREVIOUSLY HELD IN THE
NAMES OF GAZI ALI AND/OR GAZY ALI, AND
ALL PROCEEDS TRACEABLE THERETO,

        Defendant in rem.

VERIFIED
COMPLAINT IN REM

Civil Action
CV-12-

- - - - - - - - - - - - - - - - - - - -X

       PLAINTIFF, United States of America, by its attorneys, Loretta E. Lynch, United States Attorney for the Eastern District of New York, and William J. Gullotta, Assistant United States Attorney, of counsel, alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

       1.  This is a civil action in rem to forfeit and condemn to the use and benefit of the United States the above-captioned defendant funds (the "Defendant Funds"), in accordance with: (a) 21 U.S.C. § 881(a)(6), as monies, negotiable instruments, securities, or other things of value furnished or

intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation thereof; and (b) 18 U.S.C. § 981(a)(1)(A), as property involved in violations of 18 U.S.C. §§ 1956 and 1957, or a conspiracy to commit such violations.

## JURISDICTION AND VENUE

2.  This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1390 et seq., in that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## THE DEFENDANTS IN REM

4.  The Defendant Funds consist of one million, four hundred ninety-eight thousand, seven hundred and fifty dollars ($1,498,750.00), more or less, in United States currency, formerly found in Capital One Bank Safety Deposit Box nos. 0770001766 ("Box 1") and 0771000157 (Box 2"), previously held in the names of Gazi Ali and/or Gazy Ali[1] (collectively, the "Subject Boxes"), and all proceeds traceable thereto.

---

[1] Gazy Ali (with a "y") and Gazi Ali (with an "I") are brothers.

## STATUTORY BACKGROUND

5.   Pursuant to 21 U.S.C. 881(a)(6), all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841, et seq., all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation thereof, are subject to forfeiture to the United States.

6.   Pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a violation of 18 U.S.C. §§ 1956 or 1957, or a conspiracy to commit such a violation, is subject to forfeiture to the United States.

7.   Pursuant to 18 U.S.C. § 1956(a)(1), it is a crime to knowingly conduct a financial transaction involving the proceeds of specified unlawful activity, such as narcotics trafficking, (A) with the intent to promote the carrying on of the specified unlawful activity, or (B) knowing that the transaction is designed in whole or in part, to (i) conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds, or (ii) to avoid a transaction reporting requirement, such as those discussed below.

8.   Pursuant to 18 U.S.C. § 1957(a), it is a crime to knowingly engage in a monetary transaction in criminally derived

property that is of a value greater than $10,000 and that is derived from specified unlawful activity, knowing that the transaction involves criminally derived property.

9. Pursuant to 18 U.S.C. § 981(a)(1)(A), all property involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957, is subject to forfeiture to the United States.

### NARCOTICS TRAFFICKING AND THE USE OF SAFE DEPOSIT BOXES

10. Narcotics traffickers amass large amounts of cash proceeds from the sale of drugs in the United States. The traffickers, or those associated with the traffickers, frequently attempt to give the impression of legitimacy to their illicit profits, i.e., to "launder" them, by disguising their true nature.

11. Narcotics trafficking organizations, and individuals associated with these organizations, frequently utilize safe deposit boxes to store cash profits derived from sales of narcotics. Members of the organization frequently rely on the assistance of third party "nominees" in order to enter into a contract with a bank or other financial institution for one or more safe deposit boxes, in exchange for a fee. Although the safe deposit boxes are held in the name of the third party nominees, the true owners of the contents of the boxes are actually members of the drug trafficking organization.

12. The use of safe deposit boxes held by third party nominees to secret large amounts of cash, in lieu of depositing the cash into interest bearing bank accounts, allows members of the narcotics trafficking organization to avoid creating a paper trail.

## **FACTS**

13. Gazy Ali and Gazi Ali are brothers who live in Queens, New York. Gazi was born in 1975, and his younger brother Gazy was born in 1978.

14. Gazy Ali owns and operates an auto repair shop in Queens, New York called 104th Street Auto Repair Center (a/k/a Auto Sport Repair).

15. On or about June 4, 2012, the DEA was advised, in sum and substance, that at around 4:30 p.m. that day, an individual by the name of Gazy Ali would attempt to empty the contents of a safe deposit box located at a Capital One Bank branch located at 120-32 Queens Boulevard, Queens, New York. The DEA was further advised that the safe deposit box contained a large amount of United States currency that represented narcotics proceeds.

16. Upon receiving the above information, the DEA issued an administrative subpoena directed to Capital One Bank for any and all records of accounts held by Gazy Ali.

17. Bank records reflect that Box #1 was held in the name of Gazy Ali, who contracted for the box on or about September 22, 2001, and that nobody has accessed the box since that date.

18. According to information received from Capital One Bank, payment for a safe deposit box held in the name of Gazy Ali was overdue. According to bank officials, the bank had previously attempted to inform Gazy Ali in writing of the overdue payment by certified return receipt letter sent to 14099 Burden Crescent, Jamaica, New York 11435, which was the address indicated on a signature card for the safe deposit box. Records maintained by the bank further reflect that an individual by the name of "Gazi Ali" signed for the delivery of the bank's notice at that address on or about June 19, 2010.

19. Due to continued overdue payment and independently from any law enforcement request, on or about May 31, 2012, Capital One Bank officials, pursuant to normal banking procedures, opened Box #1, which was found to contain approximately $950,000 in United States currency, in violation of bank policy.

20. In addition, the bank signature card for Box #1 reflects that an individual by the name of "Vadem Brosley" was also authorized to access the box.

21. While preparing an inventory for Box #1, Capital One Bank officials became aware that, in fact, payment for Box #1 was up to date and in good standing but that payment was outstanding for Box #2.

22. Bank records reflect that Box #2, also held in the name of Gazy Ali, was contracted for by a modification to the contract for Box #1 on or about June 19, 2003, and only accessed on one occasion since that time.

23. In addition, the bank signature card for Box #2 reflects that individuals by the name of "Gazi Ali" and "Dean Brodsky" were authorized to access the box.

24. In an interview with DEA agents, Vadem Brosley told the DEA that he used the name "Dean Brodsky," and therefore the reference on the signature card to Dean Brodsky actually refers to Vadem Brosley.

25. On or about May 31, 2012, Capital One Bank officials, pursuant to normal banking procedures, opened Box #2, which was found to contain approximately $546,000 in United States currency in further violation of bank policy.

26. Later that same day, representatives of Capital One Bank left a voicemail message for Gazy Ali at a contact telephone number previously provided to the bank.

27. Two days later, on June 2, 2012, an individual identifying himself as Gazy Ali contacted Capital One Bank

officials, who informed him that Box #1 was inadvertently opened for nonpayment, but that the contents of the box had been secured, and that he could obtain another box at the bank. The individual then told bank officials that he would have to get back to them.

28. Approximately twenty minutes later, an individual identifying himself as Gazi Ali called Capital One Bank and advised the bank that he had received a call from a "friend" stating that the bank had opened the friend's safe deposit box, which bank officials believed to refer to Box #1. The individual further stated that he wanted to retrieve the contents of his box, which bank officials believed to refer to Box #2.

29. Approximately fifteen minutes later, an individual identifying himself as Gazi Ali arrived at the Capital One bank branch located at 120-32 Queens Boulevard, Queens, New York, and requested access to his safe deposit box, which the bank believed to refer to Box #2. However, the bank declined to allow the individual to access any box because the individual indicated that he did not know the box number, was not in possession of the key, and was uncertain of the key's location.

30. On or about June 6, 2012, while at the Capital One Bank branch located at 120-32 Queens Boulevard, Queens, New York, law enforcement officers from the DEA and the Nassau County Police Department ("NCPD") inspected the currency found in Boxes

1 and 2. At this time, NCPD Canine "Jax," supervised by his handler, alerted positive to the presence of traces of narcotics on the currency found in Box #2.

31. On or about June 7, 2012, a law enforcement representative posing as an official of Capital One Bank attempted to contact Gazi Ali at a telephone number that he had previously provided to the bank. During the conversation, an individual identifying himself as Gazi Ali was asked about the source and intended use of the money found in Box #2. In response, the individual indicated the money belonged to "people" who were "asking him about it" and that the money was intended for "investment" by "family." Gazi Ali declined to provide any identifying information about who any of these "people" or "family" were or the nature of the "investment" that was intended. Gazi Ali also stated that he did not know the last time he accessed Box #2. When asked about Dean Brodsky, the other signatory on Box #2, Gazi Ali stated that he was a "family friend."

32. The next day, on or about June 8, 2012, a law enforcement representative posing as an official of Capital One Bank attempted to contact Gazy Ali at the telephone number for 104th Street Auto Repair Center, the business that he owns and operates. An individual who identified himself as Gazy Ali stated that he did not know how much money was in Box #1, but

-9-

that Vadem Brosley, who was authorized to access the box, should know more about the box and its contents. Gazy Ali advised the representative to contact his brother, Gazi Ali in order to obtain contact information for Vadem Brosley.

33. After obtaining a contact telephone number for Vadem Brosley from Gazi Ali, the law enforcement representative spoke with an individual identifying himself as Vadem Brosley. In that conversation, the individual said he that he had no interest in the contents of either of the Subject Boxes.

34. A check of subscriber records by DEA revealed that 917-822-6724 is the telephone number for 104th Street Auto Repair Center which is owned and operated by Gazy Ali. Further examination of queried records revealed that this phone number was called roughly twenty-three (23) times from phone number 347-385-3008 during the period from December 11, 2010 through January 2, 2011.

35. Telephone records for phone 347-385-3008 reflect an individual by the name of Juan Camareno as the subscriber of this telephone number. A criminal history background check of Juan Camareno revealed that he was arrested by DEA Long Island Field Division on November 10, 2011, and charged and convicted in Nassau County Criminal Court on two counts of criminal sale of a controlled substance in violation of N.Y. Penal Law §§ 220.41-1 and 220.16-1. The charges against Camareno stemmed from two

incidents on or about July 21, 2011 and August 10, 2011, in which Camareno sold cocaine in excess of two ounces to an agent of the police. Those sales took place at 161-15 Hillside Avenue, Jamaica, New York. This location is approximately two blocks away from where, according to public records, Gazy Ali, presently resides, which is 159-34 Highland Avenue, Jamaica, New York.

36. Gazi Ali's lack of knowledge of basic details concerning Box #2, including the box number, the location of the box key, and the last time he accessed the box, when viewed together with his statements about how other "people" were inquiring about the box contents, are all inconsistent with the exercise of legitimate ownership of currency found in the box, and consistent with the secreting of money as nominee on behalf of a narcotics trafficking organization in lieu of the deposit of such funds into an interest bearing account.

37. Likewise, Gazy Ali's and Vadem Brosley's disclaimer of any knowledge or interest in funds contained in Box #1 are also inconsistent with the exercise of legitimate ownership of currency found in the box, and consistent with the secreting of money as nominee on behalf of a narcotics trafficking organization in lieu of the deposit of such funds into an interest bearing account.

## The Seizure Warrants

38. On June 11, 2012, the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, found that probable cause existed to believe that the Defendant Funds were subject to forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and 881(a)(6), and issued seizure warrants for the contents of Capital One Bank safe deposit boxes 0770001766 and 0771000157 pursuant to 21 U.S.C. § 853(f) and 18 U.S.C. § 981(b). See In re Seizure of Any and All United States Currency Totaling Nine Hundred Fifty Thousand Dollars and No Cents ($950,000.00), et al., 12-M-560 (Reyes, M.J.).

39. On or about June 11, 2012, law enforcement officers executed the seizure warrants issued by Magistrate Judge Reyes, which resulted in the seizure of the Defendant Funds.

40. On or about August 20, 2012, the DEA published notice of the administrative seizure of, and of its intent to forfeit, the Defendant Funds.

41. On or about August 20, 2012, Gazi Nobi Ali and Gazy Ali, through counsel, filed administrative claims to the Defendant Funds.

42. On August 20, 2012, the DEA forwarded this matter to the United States Attorney's Office for the Eastern District of New York for initiation of judicial forfeiture proceedings.

## FIRST CLAIM FOR RELIEF

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above.

44. The Defendant Funds are moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, are proceeds traceable to such an exchange, or are moneys intended to be used to facilitate a violation of the Controlled Substances Act, and are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

45. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

46. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above.

47. The Defendant Funds are property involved in violations of 18 U.S.C. §§ 1956 and 1957, or a conspiracy to commit such violations, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

48. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use and benefit of the United States of America; and that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
November 19, 2012

By:

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
*Attorney for Plaintiff*
271 Cadman Plaza East, 7th Fl.
Brooklyn, New York 11201

William J. Gullotta
Assistant U.S. Attorney
(718) 254-7000/6148

## VERIFICATION

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), assigned to the New York Field Division in New York, New York, and, as such, have knowledge of the facts underlying this action.

2. I have read the within Verified Complaint in rem and know the contents thereof.

3. The matters contained within the Verified Complaint in rem are true and accurate to the best of my knowledge, information, and belief.

4. The source of information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of DEA and other federal and state agencies.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
       November 13, 2012

_____
SA MARK Z. MANKO
Special Agent
Drug Enforcement Administration